IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

VIRGINIA LYNN LOWERY                                  PLAINTIFF

VERSUS                                   CIVIL ACTION NO.: 1:25cv255 TBM-RPM

CITY OF PASS CHRISTIAN, MISSISSIPPI,
VICTOR PICKICH AND KEN TORGESON                         DEFENDANTS

## DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW the Defendants City of Pass Christian, Mississippi, Victor Pickich and Ken Torgeson (Defendants), by and through their counsel of record, and files this their Amended Answer to the Complaint filed against them herein, and would show unto the Court the following, to-wit:

Answering the unnumbered paragraph under the heading of Complaint, Defendant denies same.

1.

Defendants are without knowledge as to the truth of the allegations of paragraph 1 and therefore deny same.

2.

Answering the allegations in paragraph 2 of the Complaint, Defendants only admit that the City of Pass Christian is a political subdivision of the State of Mississippi and that it may be served with process on its Mayor, Ken Torgeson, at Pass Christian City Hall, 200 W. Scenic Drive, Pass Christian, Mississippi 39571. The remaining allegations are denied.

3.

Answer the allegations contained within paragraph 3 of the Complaint, Defendants admit that Defendants Victor Pickich and Ken Torgeson are adult resident citizens of Pass Christian, Mississippi. Defendants make no answer as to Plaintiff's representations on why the Defendants are sued except to deny any liability. The remaining allegations are denied.

4.

Defendants are without knowledge as to the truth of the allegations of paragraph 4 and therefore deny same.

5.

Defendants admit that Plaintiff was employed by the Defendant Pass Christian, Mississippi in the code division of the city. The remaining allegations are denied.

6.

Defendants are without knowledge as to the truth of the allegation of paragraph 6 and therefore deny same.

7.

Answering the allegations contained within paragraph 7, Defendants admit that Plaintiff was at the Whiskey Bar on or about February 13, 2025, that Defendant Pickich and Defendant Torgeson were present at some point but deny the remaining allegations of paragraph 7.

8.

Defendants are without knowledge as to the truth of the allegations of paragraph 8 and therefore deny same.

9.

Denied.

10.

Defendants are without knowledge as to the truth of the allegations of paragraph 10 and therefore deny same.

11.

Defendants are without knowledge as to the truth of the allegations of paragraph 11 and therefore deny same.

12.

Defendants admit that on or about April 2, 2025, at a board meeting, the board terminated Plaintiff's employment effective March 31, 2025. Defendants also admit that Mark Savasta was terminated. The remaining allegations are denied.

13.

Defendants admit that certain deposits had been late but deny that it was because of an overwhelming workload.

14.

Denied.

15.

Denied.

16.

Denied.

17.

Denied.

18.

Answering the allegations beginning in paragraph 18 Counts 1 through 4, Defendants deny that Plaintiff is entitled to any relief whatsoever.

Answering the allegations beginning with Damages and Request for Relief, Defendants deny that Plaintiff is entitled to any damages or relief whatsoever from these Defendants.

AND NOW having answered the Complaint filed against them herein, these Defendants set forth the following Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE

The Complaint as filed herein fails to state a claim or cause of action against the Defendants for which relief might be granted, and therefore, same should be dismissed in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure with all costs to be assessed against the Plaintiff. Defendants specifically reserves all remaining defenses as set forth in Rule 12(b) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

Defendants affirmatively assert any and all statutes or periods of limitations available, in addition to the doctrines of waiver, laches, and unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Defendant is immune from punitive damages under 42 U.S.C. §1983.

## FOURTH AFFIRMATIVE DEFENSE

Section 11-46-15 of the Mississippi Code prohibits a judgment against Defendants for any act or omission for which immunity is waived that awards exemplary or punitive damages or for an award of attorney's fees should be stricken from the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants expressly deny that they violated any of the Plaintiff's constitutional or state rights. In the alternative, the public official's conduct was objectively reasonable and they are entitled to qualified immunity from any claims pursuant to 42 U.S.C. Section 1983.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants affirmatively state that any injuries or damages incurred by the Plaintiff, the existence of which are hereby expressly denied, were either wholly or partially caused by or contributed to by Plaintiff's own actions and/or negligence, and/or the negligence of persons other than Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant plead all applicable affirmative rights and defenses available under Federal and/or State law, rule, or regulation, including, but not limited to, those defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff asserts claims against municipal officials in their individual capacities, such officials are entitled to qualified immunity because their conduct did not violate clearly established constitutional rights of which a reasonable official would have known.

**NINTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff's claims arise from legislative acts, including policy-making or official votes of the City's governing body, the individual Defendants are entitled to absolute legislative immunity.

## TENTH AFFIRMATIVE DEFENSE

The City cannot be held liable under 42 U.S.C. § 1983 on a theory of respondeat superior. Any municipal liability must be based solely on an official policy, custom or practice as required by <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978). Plaintiff has failed to plead or prove such a policy, practice or custom.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff asserts claims that sound in state law or seek damages not available under §1983, such claims are barred by sovereign immunity, the Mississippi Tort Claims Act, and/or other applicable immunities.

## THIRTEENTH AFFIRMATIVE DEFENSE

At all relevant times, Plaintiff's speech did not address a matter of public concern. Any speech pertained solely to personal grievances or internal workplace issues and thus is not protected under the First Amendment.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff would have been terminated regardless of any alleged protected speech. At all times, the Defendants had legitimate non retaliatory reasons for the termination.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

Although the individuals have apparently not been sued for any federal violations, Defendants assert the defense of qualified immunity should that defense be applicable.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant City of Pass Christian is not liable as any Constitutional violation was not caused by any official policy or custom or a decision by a final policy maker to justify Section 1983 relief.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

At no time did Plaintiff's speech involve a matter of public concern, or her interest in commenting outweighed the City's interest in promoting efficiency, and finally her speech did not motivate the employer's adverse action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

At all relevant times, Defendants were acting based upon good faith and without malice or improper motive.

**NINTEENTH AFFIRMATIVE DEFENSE**

As to any claims for defamation in the employment context, Defendants assert the affirmative defense of qualified privilege as any alleged statements were made in good faith, on matters in which the Defendants had a legitimate interest, and were communicated to individuals with a corresponding legitimate interest.

**TWENTIETH AFFIRMATIVE DEFENSE**

As to any of Plaintiff's claims for defamation, Defendants assert truth as a complete defense.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

As to any claims of malicious interference with employment, Defendants deny same, and alternatively state that their actions were justified and/or privileged.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The Defendant asserts any and all rights and limitations available under Miss. Code Annotated § 11-1-65.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Imposition of punitive damages in this case would contravene the due process clauses of the United States Constitution and the Constitution of the State of Mississippi and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, to the United States Constitution, on each of the following grounds:

1. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiffs' satisfying a burden of proof that is lower than the "beyond a reasonable doubt" burden of proof required in criminal cases;

2. The procedure pursuant to which punitive damages are awarded fails to provide a reasonable limit on the amount of the award against a defendant, which hereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

3. The procedure pursuant to which punitive damages are awarded fails to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

4. The procedure pursuant to which punitive damages are awarded are unconstitutionally vague;

5. The procedure pursuant to which punitive damages are awarded results in the imposition of different penalties for the same or similar acts and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

6. The procedure pursuant to which punitive damages are awarded permits the imposition of punitive damages in excess of the maximum criminal fine and/or administrative penalty for the same or similar conduct, which thereby infringes the

Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

7. The procedure pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

8. The procedure pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review of an award of punitive damages;

9. The procedure pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceeding during which liability and compensatory damages are permitted;

10. An award of punitive damages would constitute an arbitrary and capricious taking of property of this Defendant without due process of law; and

11. The imposition of punitive damages against this Defendant based upon theories of respondeat superior, vicarious liability, or joint and several liability violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Any damages the Plaintiff may have suffered, the existence of which are hereby expressly denied, are speculative in nature. Therefore, Plaintiff's damages are not recoverable.

Now having answered the Complaint filed against them, and having set forth their Affirmative Defenses, these Defendants move to be dismissed with all costs assessed to Plaintiff.

Respectfully submitted this the 22nd day of December, 2025.

> CITY OF PASS CHRISTIAN, MISSISSIPPI, VICTOR PICKICH AND KEN TORGESON, *Defendants*
>
> By: /s/ *A. Kelly Sessoms, III*
> _____
> ROBERT W. WILKINSON (MS Bar No. 7215)
> A. KELLY SESSOMS, III (MS Bar No. 9466)
> S. MITCHELL MCCAULEY (MS Bar No. 106498)

Wilkinson, Williams, Bosio & Sessoms, PLC
734 Delmas Avenue (39567)
Post Office Box 1618
Pascagoula, MS 39568-1618
228-762-2272 (phone)
228-762-3223 (fax)
rwilkinson@wwbslaw.com
ksessoms@wwbslaw.com
mmccauley@wwbslaw.com

10